## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| KEITH HOFFMAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-640-SLR |
| | ) | |
| G.R. JOHNSON, Warden, and | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Keith Hoffman. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

### MEMORANDUM OPINION

May ᴊ30 , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Keith Homman's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 5) For the reasons that follow, the court will deny petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2009, petitioner crashed his vehicle at the intersection of Seashore Highway and Coverdale Road in Bridgeville, Delaware. (D.I. 10 at 1) Delaware State Police Trooper Edward Joyce was dispatched to the scene of the crash. Petitioner told the officer that he was driving the vehicle when the crash occurred and that he lost control of the vehicle and crashed into a metal guardrail. Petitioner further admitted that he had been using cocaine and drinking alcohol prior to the crash. The officer saw an open container of beer near the driver's side of the vehicle. *Id.*

Trooper Joyce noticed that petitioner appeared extremely impaired as he had a difficult time speaking, standing, walking and following directions. *Id.* He noticed that petitioner's eyes were glassy and his pupils were constricted. As a result of his observations, Trooper Joyce asked Hoffman to perform standard field sobriety tests; petitioner performed poorly on the tests. *Id.* at 1-2. Petitioner was given a breath test which recorded an initial reading of .038%. Petitioner was then arrested, charged with driving under the influence and other related motor vehicle offenses, and released on bail. *Id.* at 2.

On March 17, 2009, petitioner waived the indictment process and the State of Delaware filed an information charging him with the following offenses: driving a vehicle

while under the influence; drinking while driving; failure to possess a motor vehicle registration; driving a vehicle while license is suspended or revoked; improper lane change; and failure to properly insure a motor vehicle. *Id.* at 2-3. On October 7, 2009, petitioner pled guilty to driving a vehicle while under the influence and the State entered a nolle prosequi on the remaining charges. The Superior Court sentenced petitioner to five years incarceration, suspended after six months, with the balance of the sentence suspended for one year of probation. Petitioner did not file a direct appeal. *Id.* at 3.

On April 23, 2010, Delaware State Police Trooper Douglas Reed was on duty in Bridgeville, Delaware. *Id.* at 2. Trooper Reed was parked on Mill Park Drive when he witnessed a vehicle, driven by petitioner, leave a private driveway at a high rate of speed. The vehicle traveled across Mill Park Drive and onto the shoulder of the roadway, nearly striking a pedestrian. The vehicle traveled back onto Mill Park Drive and continued down the road at a high rate of speed. Trooper Reed attempted to follow the vehicle to conduct a motor vehicle stop. Before the Trooper could stop the vehicle, petitioner lost control of his car while driving around a sharp corner, leaving the roadway and crashing into a tree. *Id.*

Petitioner told the Trooper that he lost control of his vehicle. *Id.* The Trooper detected a strong odor of alcohol coming from petitoner's breath as he spoke. Given the motor vehicle crash and odor of alcohol, Trooper Reed decided to conduct field sobriety checks. Petitioner failed all of the tests he was given. Petitioner was given and Intoxilyzer and his blood alcohol content registered at .159%. Petitioner was again arrested and charged with driving under the influence and other motor vehicle offenses.

2

*Id.*

On June 6, 2010, as a result of his commission of these new offenses, the Superior Court found petitioner in violation of his probation (imposed for his 2009 plea) and sentenced him to four years in prison with no probation to follow. Petitioner did not file a direct appeal. *Id.* at 3.

On June 7, 2010, a Sussex County grand jury indicted petitioner for the following offenses: driving a vehicle under the influence; no valid license; and careless driving. On June 8, 2010, petitioner pled guilty to driving under the influence, 7th offense, and the Superior Court sentenced him to fifteen years of incarceration, suspended after serving five years and the KEY Program, for one year at a Level IV residential substance abuse program, followed by eighteen months at Level III probation. Petitioner did not file a direct appeal. *Id.*

On August 25, 2010, petitioner filed a motion to modify his June 8, 2010 sentence. The Superior Court denied the motion on September 2, 2010, and imposed the same sentence previously imposed. *Id.*

In September 2010, petitioner filed in this court papers titled "Writ of Habeas Corpus, Motion to Dismiss," alleging that the Delaware State Courts did not have jurisdiction to prosecute him because he was a Delaware National and not a citizen of the United States. (D.I. 1) For clarification purposes, the court sent petitioner a form § 2254 application so that he could clearly articulate his grounds for relief. Petitioner filed his form application September, 2010. (D.I. 5) The State filed an answer, contending that the application should be denied because petitioner failed to assert any claims cognizable on federal habeas review. (D.I. 10)

3

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a federal district court may only entertain a habeas application if the petitioner alleges that he is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). In turn, it is well-settled that "[s]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner asserts two grounds for relief in his form application:[1] (1) that he was "charged for 7 DUI when it was 6"; and (2) for his violation of probation, he "completed one year Temp Class for one year of Level 3, but [was] sentenced four more years PLUS fifteen years for DUI and $15,000 fine and $3,000 fine." (D.I. 5 at 5, 7) Claim one appears to allege that there was inadequate evidence of seven DUI convictions to support the fifteen year sentence imposed for his June 8, 2010 DUI conviction. Claim two appears to allege that the Superior Court failed to properly credit him with time served when sentencing him for his VOP and for his new June 8, 2010 conviction. To the extent these two brief factual allegations assert that the Superior Court violated state law when sentencing him on his VOP and his new June 8, 2010 conviction, they fail to assert issues cognizable on federal habeas review.[2]

---

[1]The State fails to acknowledge that the application contains two claims.

[2]In addition, the record belies petitioner's assertion that he was only charged with six DUIs, rather than seven DUIs. The Superior Court docket for petitioner's 2009 convictions clearly lists the underlying DUI charge as his fourth such offense ("DUI Alc/Drug - 4T"), and the Superior Court docket for his 2010 convictions clearly lists the

4

Nevertheless, acknowledging its duty to liberally construe pro se applications,[3] the court interprets claim two as also alleging possible double jeopardy violations. Petitioner's original 2009 sentence was for five years at Level V, suspended after serving six months, with the balance suspended for one year of probation. By asserting that he completed a one year "Temp Class" for "one year at Level 3," but was still sentenced to four years for his VOP, petitioner may be alleging that the Superior Court violated double jeopardy principles by failing to credit him for the one year of probation served when it calculated his VOP sentence.

To begin, the record belies petitioner's assertion that he served one year of probation for his 2009 DUI conviction. Petitioner pled guilty to his fourth DUI on October 7, 2009, and was sentenced that same day. (D.I. 12, Del. Super. Ct. Dkt. for Crim. A. No. S09010674I, Entry No. 15) On April 28, 2010, a little more than four months later, an administrative warrant was filed, and petitioner was found to have violated his probation on June 8, 2010. (D.I. 12, Del. Super. Ct. Dkt. for Crim. A. No. S09010674I, Entry Nos. 16, 19) Based on this record, petitioner appears to have served no more than four months of his self-described "probation."

More significantly, however, petitioner has not demonstrated that either of his sentences violated the principles of double jeopardy. The double jeopardy clause protects an individual from "being subjected to the hazards of trial and possible

_____

underlying DUI charges as "5th Off DUI", "6th DUI/Drug", and "7th DUI/Drug." (D.I. 12) Petitioner's vague and brief statement does not rebut this information. Thus, claim one appears to be factually baseless.

[3]*Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

5

conviction more than once for an alleged offense,"[4] and prevents the imposition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Notably, in Delaware, upon finding a defendant guilty of violating his probation, the Superior Court is authorized to re-impose any previously suspended prison term, with credit for all Level V time previously served. Del. Code Ann. tit. 11, §§ 3901(c) & 4334(c); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999). The Level V time to be credited includes time served at a Level IV VOP center, but does not include time served at Level IV work release or home confinement. *Gamble,* 728 A.2d at 1172; Del. Code Ann. tit. 11, § 3901(c).

In this case, petitioner's vague and unsupported reference to "Temp Class" and Level 3 probation fails to provide any basis for concluding that the period of probation he served constituted "credit worthy" Level V incarceration or incarceration at a Level IV VOP center under Delaware law.[5]  Consequently, upon finding that petitioner violated his probation in June 2010, the Superior Court was authorized to sentence petitioner to serve either the entire balance remaining on his original five year sentence or a lesser sentence. In these circumstances, the court cannot conclude that the Superior Court's re-imposition of four years of Level V time violated double jeopardy principles. *See Harris v. State*, 768 A.2d 469 (Table), 2001 WL 257797, at **1 (Del. Mar. 8, 2001)(explaining that re-imposing "the suspended portion of the original sentence upon

---

[4]*Green v. United States*, 355 U.S. 184, 187 (1957).

[5]This particular issue of state law falls beyond the purview of federal habeas review.

6

a subsequent finding of a VOP inherently credits a defendant with any time the
defendant has served on the unsuspended portion of the original sentence.").

And finally, to the extent claim two asserts that petitioner's right to be protected
against double jeopardy was violated when he was independently sentenced in June
2010 for his new DUI conviction after being sentenced on his VOP to four years for his
2009 DUI, the argument is unavailing. The Supreme Court has held that the conduct or
offense used as the basis for a probation violation can also used as the basis for a
criminal prosecution without violating double jeopardy protections, because the
imposition of confinement upon a violation of probation does "not involve the increase
of a final sentence, and . . . the defendant is aware at the original sentencing that a
term of imprisonment later may be imposed." *Ralston v. Robinson*, 454 U.S. 201, 220
n.14 (1981); *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Pursuant to this
precedent, the court cannot conclude that the fifteen year sentenced imposed on June
8, 2010 for petitioner's new DUI conviction constituted a second punishment for
petitioner's DUI conviction in 2009.

Accordingly, for the reasons set forth above, the court will deny petitioner's
application.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court
must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2
(2011). A certificate of appealability is appropriate when a petitioner makes a
"substantial showing of the denial of a constitutional right" by demonstrating "that

7

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § 2254 application fails to warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order will issue.